# Gupta | Wessler  *Issues & Appeals*

November 26, 2023

*Via Electronic Filing*

Christopher G. Conway
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, IL 60604

      **Re:** *Taylor v. The Salvation Army Nat'l Corp.*, No. 23-1218
           Supplemental authority under Rule 28(j)

Dear Mr. Conway:

    We write to bring to the Court's attention the recent decision in *Glagola v. MacFann*, --- F.Supp.3d ----, 2023 WL 7271340 (W.D. Pa. Nov. 3, 2023). In that case, the plaintiff could not afford rent, so her landlord told her that he would "pay her rent in exchange for sex"—and threatened that she'd be homeless if she did not agree. *Id.* at *1. "Having nowhere else to go and feeling like she had no choice if she wanted to protect and provide for her son, she acquiesced." *Id.* (cleaned up). The court held that the threat of homelessness constituted a threat of "serious harm" sufficient to plausibly allege a forced labor claim under the TVPA because, "[w]ith her home at stake, a reasonable person in [the plaintiff's] shoes might feel compelled to continue providing sex." *Id.* at *6. It did so, even though the plaintiff eventually left. *Id.* at *2; *see also Martinez-Rodriguez v. Giles*, 31 F.4th 1139, 1156 (9th Cir. 2022) ("The fact that [an employer's] coercive pressures were not *indefinitely* successful in obtaining the sought-after nonprofessional labor from Plaintiffs would not preclude a jury from reasonably finding that it was *initially* successful for a significant period of time.").[1]

    So too here. The Salvation Army's threats to render the plaintiffs homeless if they did not perform the arduous, unpaid labor that the organization demanded were threats of "serious harm" sufficient to state a TVPA claim. *See* Opening Br. 37–46; Reply Br. 19–24.

---

    [1] To be clear, the landlord also used other methods of coercion, but the court held that each of these methods was sufficient to state a claim. *Id.* at *6 ("The amended complaint thus meets the pleading requirement for a forced labor claim in several ways.").

*Issues & Appeals*

Respectfully submitted,

*/s/ Jennifer D. Bennett*
Jennifer D. Bennett

*Counsel for Plaintiffs-Appellants*

Gupta Wessler LLP
505 Montgomery Street, Suite 625, San Francisco, CA 94111
P 415.573.0336
guptawessler.com