

**Daniel William Wolff**
DWolff@crowell.com
(202) 624-2621 direct

Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
+1.202.624.2500  main
+1.202.628.5116  fax

November 27, 2023

Christopher G. Conway
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, IL 60604

   Re: *Taylor v. The Salvation Army Nat'l Corp.*, No. 23-1218
      Supplemental authority under Rule 28(j)

Dear Mr. Conway:

*Glagola v. MacFann*, --- F.Supp.3d ----, 2023 WL 7271340 (W.D. Pa. Nov. 3, 2023), offered by Appellants as supplemental authority (Doc. 40), illustrates why Appellants' own TVPA claims must fail. Appellants compare the *Glagola* defendant landlord threatening his tenants—a woman and her child—with homelessness if the woman did not have sex with him to The Salvation Army threatening to dismiss plaintiffs from the program if they did not perform work-therapy.

 Three distinctions are immediately apparent:

*First*, unlike the "*quid pro quo* sexual harassment" underlying *Glagola*, there is nothing inherently improper about work-therapy or participation in The Salvation Army program generally (which is why court systems use the program as an alternative to incarceration).

*Second*, there was no bait-and-switch here, as there was in *Glagola* (and other cases on which Appellants rely): work-therapy was a publicized condition of admission and continued participation in the ARCs. (*E.g.*, AA ¶¶ 4, 11, 12, 21, 58, 121, 122, 123, 140.) Plaintiffs had no right to enter or remain at the ARCs if they did not participate in the

rehabilitation program. *See Smith v. Dart*, 803 F.3d 304, 314-15 (7th Cir. 2015).

*Third*, as Appellants acknowledge, the coercion in *Glagola* was not limited to the threat of homelessness. The court stated that the threats were "not all that Ms. Glagola has alleged to trigger the statute," and pointed out the landlord also "used actual and threatened force to get [plaintiff] to perform sex." 2023 WL 7271340, at *6.

This Court has held that where "combined with other circumstances," threats of the sort at issue in *Glagola* can be actionable under the TVPA. *U.S. v. Law*, 990 F.3d 1058, 1064 (7th Cir. 2021). But those "other circumstances" make the difference.

It is neither an abuse of law nor a threat of serious harm for The Salvation Army to warn participants of the consequences (losing program benefits) of not participating in the very rehabilitation program (inclusive of work-therapy) to which they agreed as a condition of enrollment. *See* Doc. 24 at 40-43 (citing cases).

                          Respectfully submitted,

                          /s/ Daniel W. Wolff
                          Daniel W. Wolff